UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT McKENZIE, )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 4:11CV508 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1], to Vacate, Set Aside or Correct Sentence. Pursuant to this Court's Order, the government has responded to the motion to vacate.

## Movant's Claims

Movant makes the following claims in his Motion:

**Ground One**: Ineffective assistance of counsel-failure of counsel to give professional advice whether to enter a plea or proceed to trial.

**Ground Two:** Ineffective assistance of counsel-failure to argue that one of Movant's prior offenses did not qualify as a predicate offense pursuant to the ACCA.

**Ground Three:** Ineffective assistance of counsel-failing to object to predicate

convictions under one-year time served.

## Facts and Background

On February 17, 2009, a criminal complaint was issued against Movant which charged Movant with felon in possession of a firearm. Movant plead guilty, pursuant to a written plea agreement on November 30, 2009.

A presentence investigation report was prepared, as ordered by the Court. In the PSI Report, it was determined that Movant was an Armed Career Criminal pursuant to 18 U.S.C. § 924(e). Movant's total Offense Level was found to be 30. He was found to have 32 criminal history points, which resulted in a Criminal History Category of VI. Movant's guideline range, therefore was 168-210 months. Because Movant was an Armed Career Criminal, he faced a mandatory minimum of 180 months.

The Government filed a Motion for Downward Departure, pursuant to Section 5K1.1 of the United States Sentencing Guidelines.

The Court granted the Government's Motion and sentenced Movant to 96 months incarceration. Movant did not appeal his conviction, judgment or sentence.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a

sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255

motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255).  Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)).  The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

## Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009).  The burden of demonstrating ineffective assistance of counsel is on a defendant.  *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).  To prevail

on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to

"eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Grounds One**

Movant argues that counsel was ineffective in failing to give professional advice regarding whether to enter a plea or proceed to trial.  The plea agreement in this matter belies Movant's argument.  The Agreement provides that Movant entered into the agreement voluntarily and knowingly.  Moreover, the Court extensively questioned Movant as to the voluntariness of his plea, whether he had discussed the matter fully and completely and to his satisfaction with his lawyer.  The Court asked Movant if there was anything he wanted his lawyer to do that he didn't do and whether there was anything at all that should have been done with Movant's case and wasn't done.  The record unequivocally establishes that Movant's first ground is meritless.

**Grounds Two and Three**

Movant argues that counsel failed to argue that one of Movant's prior offenses did not qualify as a predicate offense pursuant to the ACCA.  The requisite predicate offenses were met herein.  The conviction of which Movant complains is his conviction for attempted Burglary in the second degree.  Movant was found guilty on October 31, 2006 of attempted Burglary in the second degree.  Movant was ordered to serve a term of imprisonment of one year in the custody of the Missouri Department of Corrections.

Movant raised no objections to the enhancement to level VI for being an

armed career criminal. Movant raised no objections at sentencing. Movant's guideline range was 180-210 months. The Court sentenced him to 96 months. While Movant contends that counsel should have disputed his attempted Burglary charge, the law is well settled that a conviction under Missouri's second degree burglary statute is properly considered a violent felony under § 924(e) if the conviction satisfies all of the elements of generic burglary, i.e., if it involved burglary of a building. *United States v. Brown*, 323 Fed.Appx. 479, 481-82 (8th Cir. 2009). Movant's conviction satisfies all of the elements needed.

> On March 13,2005, [C.R] and Robert J. McKenzie, acting together, pried the front door of Fastback Service Station with a crow bar in order to gain entry to steal merchandise...

Movant's reliance on *Johnson v. United States*, 559 U.S. ___, 139 S.Ct. 1265 (2010), is misplaced. In *Johnson*, the Court specifically limited its finding to subsection (I) of § 924(e)(2)(B). Movant's conviction was under subsection (ii) § 924(e)(2)(B).

Grounds Two and Three are without merit.

## Conclusion

Based upon the foregoing analysis, Movant's claims of ineffective assistance of counsel fail to afford him relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], and the supplement thereto, are **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 17th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE